IRVIN *v.* THE MUTUAL BUILDING & INVESTMENT CO. ET AL.

(Decided April 29, 1935.)

*Mr. Joseph L. Stern,* for plaintiff in error.
*Mr. Rees H. Davis,* for defendants in error.

LEVINE, J.   Error proceedings were instituted in this court, seeking a reversal of the judgment of the Common Pleas Court. The original petition filed by plaintiff, Mary J. Irvin, present plaintiff in error, alleged that she opened an account with defendant, The Mutual Building & Investment Company, on April 10, 1929; that on January 3, 1930, she gave written notice in accordance with the requirements of the company's by-laws of her desire and intention to withdraw the entire sum to her credit. The petition further alleged that the company ignored plaintiff's demand, and in disregard of same failed and refused to pay her any part of the amount demanded.

This prayer for a money judgment as contained in the original petition was amended before trial so as to read as follows:

"(a).   Judgment as originally prayed for; or

"(b).   That plaintiff be adjudged to have a valid claim against defendant, in said amount, and that defendant, its successors and liquidators be enjoined from paying to any of its stockholders, any part of either principal investment or dividends until plaintiff and other stockholders who gave notice of withdrawal have been fully paid the amounts invested by them on running stock accounts in defendant company, together with dividends thereon to the last dividend date, in the order in which their withdrawal notices have been filed; that plaintiff's order of priority in the assets of defendant may be determined; and for such other relief as may be proper in the premises, including judgment for costs herein."

After the filing of the original petition, to-wit, on or about April 27, 1933, the Superintendent of Building and Loan Associations took possession of the com-

pany's affairs under liquidation proceedings. Since that date the superintendent has been and now is in charge of the assets and business of said company. It was after such superintendent took possession and control of the assets and affairs of the company that the amended prayer to the original petition was filed. There was no objection contained in the answer, to the filing of the amended petition. The case was heard and submitted to the trial court upon the petition as amended.

In its conclusion of law the trial court held that when the Superintendent of Building and Loan Associations took possession of the business of defendant company for liquidation, the court lost jurisdiction to grant any relief in this case, because of the provisions of Section [687-24], General Code, known as the Eikenberry Act (115 Ohio Laws, 18, Section 3), which provides in substance that no court in which any action is then pending shall grant any remedy or relief or make any order therein which is prohibited by or inconsistent with this act. It was contended by the defendant and upheld by the trial court that as soon as the superintendent took possession and control of the assets and affairs of the company all pending actions were in effect set at naught and no court was empowered to grant any remedy or relief in the same.

It may be conceded for the sake of argument that all actions directed against a corporation which goes under liquidation are set at naught as soon as the superintendent takes possession. The theory of the law is to permit the superintendent a free hand in the management of the affairs of the building and loan association under liquidation. Harassing law suits would have a tendency to prevent a free and untrammeled management of the affairs of the company, and for that reason the law provides as it did that no court in which any action is pending at the time the super-

intendent takes possession shall grant any remedy or relief therein.

The provisions of the law are directed only to actions pending against the corporation which goes under liquidation. After the superintendent takes possession and control of the assets and affairs of the company, the court is not devoid of all jurisdiction. Quite the contrary is true. The Superintendent of Building and Loan Associations has been declared by the Supreme Court to be a statutory receiver, who, like other receivers, acts under the direction of the Common Pleas Court of the county wherein the building and loan association is situated. It has always been the policy of the courts to prevent the filing of lawsuits against the receiver appointed by the court, and unless the court appointing the receiver gives leave or permission no lawsuit can be filed against such receiver. It has likewise been the practice that when an individual felt himself aggrieved he could file an application in the court which appoints the receiver and seek redress. The very same matter which would be contained in a petition, were the complainant permitted to file a lawsuit against the receiver, may, in the absence of leave to file such lawsuits, be contained in the application to the court praying for redress at the hands of the court.

It will be seen that in the case at bar the amended petition, in addition to a prayer for judgment, asks the Court of Common Pleas to determine priorities, and to award the plaintiff a preference as to her claim. If we are to disregard the prayer for judgment we can not so disregard the prayer which directs itself to the court for the fixing of priorities and the allowing of plaintiff's claim as a preferred claim. In fact, Section 687-7, General Code, provides expressly that the Common Pleas Court shall determine such claims. The Court of Common Pleas has jurisdiction to deter-

mine priorities and claims for preference. The amended prayer seeks chiefly to accomplish this very purpose, namely, to secure a determination by the Common Pleas Court of priorities and a determination of the claim of plaintiff for preference.

The finding of the trial court that the Common Pleas Court was without jurisdiction to grant any relief or remedy therein, is, in our opinion, erroneous, because the code provisions with reference thereto only relate to actions pending against the corporation which is afterwards taken over by the superintendent. It does not apply to a situation such as is presented in this case, where a claim for priorities of preference is directed to the court and no relief is sought against the corporation as such, because jurisdiction is expressly conferred upon the court to make such determination under Section 687-7, General Code.

It is true that Section 687-6, in substance provides that before any action is filed by a claimant for preference or priority the claim must first be submitted to the Superintendent of Building and Loan Associations, and that only after rejection of such claim for preference or priority can an action be filed against him in the Common Pleas Court. Had the Superintendent of Building and Loan Associations filed an answer alleging the defense that the claim for priority and preference was at no time submitted to him for rejection or acceptance before the filing of the law suit, it is probable that the court would have been led to the conclusion that the suit was prematurely filed. The answer in this case is a general denial and contains no allegation showing non-compliance with the provisions of Section 687-6, General Code, which require that the claim shall first be submitted to the superintendent for acceptance or rejection. It is, of course, apparent that the case at bar was originally intended as an action for money against the building

and loan association before the company was under liquidation. The prayer found in the amended petition asking the court to determine the plaintiff's claim for priority and preference was inserted only after the superintendent took possession and control of the assets and affairs of the original defendant company. It would have been quite possible for the superintendent to have filed an answer alleging that this claim for priority and preference was at no time submitted to him for rejection or acceptance and that therefore the court could not entertain said prayer for relief. Instead, the superintendent chose to join issues by the filing of a general denial.

We are of the opinion, on the state of the pleadings, that the Superintendent of Building and Loan Associations waived the formal prerequisites to the filing of an action in the Common Pleas Court, praying for priority and preference.

Since the Common Pleas Court undoubtedly has jurisdiction to determine such claim for priority and preference, the failure to comply with certain prerequisites before the filing of such action in the Common Pleas Court must be asserted as defensive matter in the answer filed by the superintendent, otherwise the same is waived. Furthermore, when the answer fails to assert such failure to comply with prerequisites the court is bound to assume that there was no such failure to comply with formal prerequisites.

A court should never oust itself of jurisdiction. It should retain a case for determination when it has jurisdiction of the subject-matter unless it is affirmatively made to appear that certain prerequisites were not complied with. The basis of the decision of the Common Pleas Court, it is seen, is that when the Superintendent of Building and Loan Associations takes possession the court can grant no relief or rem-

edy whatsoever. This, for the reasons above stated, we hold to be erroneous.

The findings of fact filed of record by the Common Pleas Court disclose clearly that in the absence of the claim of lack of jurisdiction in the Common Pleas Court to grant relief, the plaintiff clearly established her claim for priority and preference.

It is ordered by this court that the judgment of the Common Pleas Court be reversed, and that an order be entered such as should have been entered by the Common Pleas Court, granting the plaintiff her claim for priority and preference.

A journal entry will be drawn in accordance with this opinion.

*Judgment reversed and judgment*
*for plaintiff in error.*

TERRELL, J., concurs.
LIEGHLEY, P. J., not participating.